UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RICKY SOUTHARD and STACY SOUTHARD,

Plaintiffs,

v.  4:11-cv-243

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

## ORDER

### I. INTRODUCTION

Now before the Court is Defendant State Farm Fire & Casualty Company's ("State Farm") "Partial Motion for Partial Summary Judgment." *See* Doc. 15.

### II. BACKGROUND

State Farm issued Plaintiffs Ricky and Stacy Southard ("Plaintiffs") a homeowner's policy covering Plaintiffs' property in Savannah, Georgia. *See* Docs. 15-2 at 1; 15-3; 23. On September 13, 2010, a plumbing pipe burst in the foundation slab of Plaintiffs' home, causing damage. *See id.* Plaintiffs filed a claim with State Farm. *See* Docs. 15-2 at 2; 23 at 2. After investigating the claim, State Farm paid a portion of the claim, but denied coverage for additional remediation of fungal and mold damage beyond the policy limit of $10,000. *See id.* Plaintiffs filed suit in Chatham County State Court, alleging claims of breach of contract, insurer bad faith, and attorney fees. *See* Doc. 1 at 6-9.

State Farm removed to this Court. *See* Doc. 1. Plaintiffs obtained leave to file an amended complaint. *See* Docs. 5; 9.

In their amended complaint, Plaintiffs allege claims of breach of contract, negligence, insurer bad faith, and attorney fees arising out of State Farm's alleged mishandling of a claim and failure to properly reimburse Plaintiffs for costs incurred repairing water and mold damage to their home. *See* Doc. 10.

### III. ANALYSIS

State Farm moves for partial summary judgment as to Plaintiffs' claims for negligence and imputed negligence under O.C.G.A. § 51-2-1 and attorney's fees under O.C.G.A. § 13-6-11. *See* Doc. 15-1 at 3.

Although raised as a partial summary judgment motion, State Farm's motion could have been brought as a partial judgment on the pleadings. This is evident by State Farm's argument that "[e]ven if all the allegations asserted are true, Plaintiffs claims are limited to breach of contract and bad faith penalties pursuant to O.C.G.A. § 33-4-6." *See* Doc. 21 at 6. After the pleadings are closed, a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). "Rule 12(c) permits judgment on the pleadings when there are no material facts in dispute and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Scottsdale Ins. Co. v. Pursley*, 2012 WL 48035, at *1 (11th Cir. Jan. 10, 2012). The Court must accept all allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* "If upon reviewing the pleadings it is clear that

the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

State Farm relies on facts taken from Plaintiffs' amended complaint and the insurance policy. *See* Doc. 15-2. Attaching and citing to the insurance policy would not necessarily require the motion to be considered as one for summary judgment. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

Nevertheless, both parties rely on State Farm's characterization of the motion as one for summary judgment.

Accordingly, Plaintiffs argue that State Farm's motion is premature and request that the Court delay ruling until the end of discovery to "allow for the full investigation of the claim so that any facts which may support the various causes of action may be considered by the Court." *See* Doc. 19 at 1-2. Discovery closes on May 23, 2012. *See* Doc. 7 at 1.

To the extent Plaintiffs claim State Farm cannot file this motion until the scheduling order's date, this contention is meritless. *See* Doc. 19 at 1. The scheduling order provides that all civil motions will be filed by June 22, 2012. *See* Doc. 7 at 2. This date is the last date for filing motions, not the first or only date. Moreover, Federal Rule of Civil Procedure 56(b) provides that a "party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

### A. Rule 56(d)

Nevertheless, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "The decision to grant or deny a Rule 56[d] motion lies within the sound discretion of the trial judge." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1290, 1295 (N.D. Ga. 2009) (citing *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000)). Plaintiffs

> must conclusively justify [their] entitlement to the shelter of Rule 56[d] by presenting specific facts explaining the inability to make a substantive response as required . . . and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*Anderson*, 678 F. Supp. 2d at 1294 (quotation omitted).

> The party seeking to use Rule 56(d) may not simply rely on vague

2

assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of an absence of a genuine issue of material fact.

*NCI Grp., Inc. v. Cannon Servs., Inc.*, 2011 WL 5599127, at *8 (N.D. Ga. Nov. 16, 2011) (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)).

Plaintiffs cite *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, for the general rule that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." 859 F.2d 865, 870 (11th Cir. 1988).

*Snook* did, however, place a burden on nonmoving parties. "*If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment*, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Id.* (emphasis added).

Plaintiffs do not demonstrate with any specificity what relevant facts they could or hope to discover to rebut State Farm's motion. Instead, their responses demonstrate some miscomprehension that State Farm seeks a complete, instead of *partial*, judgment as a matter of law. *See* Doc. 19 at 1 (suggesting potential discovery of additional *contractual* obligations); *id.* at 2 (stating that discovery may lead to facts supporting the *various* causes of action).

Plaintiffs contend that issues of fact exist over whether Defendant, including its express and implied agents, acted negligently in failing to remediate the water damage and whether Defendant acted with conscious indifference. *See* Doc. 23 at 2. Yet, these purported issues do little more than recycle the legal claims from Plaintiffs' complaint. *See* Doc. 10 at 6-7.

Plaintiffs also claim the need for discovery to verify the authenticity of the policy cited by State Farm. *See* Doc. 19 at 1. State Farm has attested to the policy's authenticity. *See* Doc. 15-3 at 3. Furthermore, Plaintiffs do not indicate why the policy's inauthenticity would affect their negligence and O.C.G.A. § 13-6-11 claims for bad faith attorney fees.

Plaintiffs state discovery could bring out additional facts, "such as when Defendant contends that its obligation to repair ended and what Defendant told Plaintiffs in regards to the complete repair of their home." *See* Doc. 19 at 1. Plaintiffs contend that "additional contractual obligations could accrue other than those in the insurance contract." *Id.* These assertions fail to demonstrate why Plaintiffs' negligence and O.C.G.A. § 13-6-11 claims are not precluded by law and how discovery could uncover facts to rebut State Farm's arguments.

In conclusion, Plaintiffs do not demonstrate with any particularity how impending discovery will provide facts to rebut the arguments raised in State Farm's motion. Moreover, over two months have passed since the filing of State Farm's

3

motion, and several depositions have been taken. *See* Doc. 49 at 3-4.

Regardless, State Farm's arguments are essentially legal, not factual, arguments. State Farm contends that even if all the facts and allegations are true, Georgia law does not provide Plaintiffs with causes of action for negligence and bad faith attorney fees under O.C.G.A. § 13-6-11. *See* Doc. 24 at 2.

Therefore, Plaintiffs' arguments for delay are unavailing. Plaintiffs' Rule 56(d) "motion" is ***DENIED***.

Plaintiffs are ***ORDERED*** to file a response brief to State Farm's motion for partial summary judgment, addressing State Farm's arguments that Plaintiffs' negligence and O.C.G.A. § 13-6-11 claims fail as a matter of law.

## IV. CONCLUSION

Plaintiffs are ***ORDERED*** to file a brief in response to State Farm's partial summary judgment motion within ***FOURTEEN*** (14) days of this Order

This 15th day of March 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA