UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RICKY SOUTHARD and STACY SOUTHARD,

Plaintiffs,

v.   4:11-cv-243

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

## ORDER

## I. INTRODUCTION

Before the Court are several pre-trial motions from each party. Defendant's Motion to Amend Pretrial Order includes several requests, ECF No. 159, and the Court begins by dealing with each of those requests. The Court then decides each of Defendant's Motions in Limine. ECF Nos. 160-62. Next, the Court rules on Defendant's reasserted Motion for Protective Order relating to the potential testimony by Ceil Foster. ECF Nos. 25; 159 at 2. Lastly, the Court rules on each of Plaintiffs' requests in their Omnibus Motion in Limine. ECF No. 163.

## II. DEFENDANT'S MOTION TO AMEND PRETRIAL ORDER

Defendant requests that several statements or clauses be added to or deleted from the Consolidated Pre-Trial Order (Specifically related to Paragraph 1 and Attachment "A"; Paragraph 9; and Paragraph 23 and the proposed verdict forms). These requests are all *GRANTED*.

Defendant objects to the introduction of Plaintiffs' Exhibits 3-11, 27, 51, 57, 61, and 78-86, arguing that those exhibits referencing Defendant's Operational Guidelines and the statutory notice of bad faith sixty-day letter are irrelevant since the bad faith claim has been dismissed, and that exhibits regarding claims involving State Farm insureds other than Plaintiffs are irrelevant. Defendant withdraws its own Exhibits 28 and 73-77 for the same reasons. Defendant also requests that proper foundation be laid before the admission of Plaintiffs' Exhibits 31, 33, 36-37, 43, 66-67, and 87, and Defendant's Exhibits 27, 30-31, 40, 43, 48, 54, 56, the first page of 63, 79-81, 83-84, 87-90. These requests are all *GRANTED*.

Defendant objects, on relevancy grounds, to the reference in Plaintiffs' outline of the case (paragraph 8 of the Consolidated Pretrial Order) that "State Farm was authorizing work in other Category 3 water damage claims occurring at the same approximate time as the Southard claim." This statement is, indeed, irrelevant, and Defendant's request is, therefore, *GRANTED*.

Defendant also argues against Plaintiffs' objection to the introduction of evidence that SerClean did not file a lien on Plaintiffs' property (paragraph 18(2) of the Consolidated Pretrial Order). The Court finds that either party may ask whether SerClean or Alan Mock has been paid, but whether SerClean filed a lien on Plaintiffs' property is irrelevant. Therefore, to the extent that Defendant requests to introduce evidence as to whether SerClean filed a lien on Plaintiffs' property, that request is *DENIED*.

Defendant requests a ruling that Plaintiffs cannot use the doctrine of waiver or estoppel to create or enlarge coverage under the insurance contract. The Court agrees, and **GRANTS** that request. *See Allstate Ins. Co. v. Walker*, 114 Ga. App. 732, 733 (1966) ("[T]he doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom.").

Defendant also amends its exhibit list to add criminal convictions of Plaintiffs' witness Steven Lee Volpe for possession of a controlled substance, speeding, reckless driving, and aggravated assault on a police officer (for which Volpe was sentenced to three months in prison and six years/nine months probation). Plaintiffs object to this addition in their Omnibus Motion in Limine, arguing that these convictions were not punishable by more than three months imprisonment, and therefore, are inadmissible under Federal Rule of Evidence 609(a)(1)(A). But Plaintiffs misapply that Rule. Rule 609(a)(1) provides that "for a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case." The issue is whether the convictions were punishable by imprisonment for more than one year (i.e. whether they were felony convictions), not whether Volpe was actually sentenced to imprisonment for more than one year. *See Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 840 (5th Cir. 1991) (holding that even though court suspended sentence, conviction was admissible under Rule 609(a)(1) since crime was felony punishable by imprisonment for more than one year). Assuming that Volpe's convictions were for felonies punishable by imprisonment for more than one year, which it appears they were, the Court finds that introduction of those convictions would not be unduly prejudicial under Rule 403, and therefore, those convictions are admissible.

## III. DEFENDANT'S MOTIONS IN LIMINE

Defendant also assets three motions in limine. Defendant moves to exclude evidence of other claims or losses involving State Farm insureds other than Plaintiffs. ECF No. 160. Plaintiffs respond, arguing that these other claims satisfy the threshold of being substantial similar. ECF No. 165. The Court has examined the evidence of other claims and disagrees with Plaintiffs. Defendant's motion in limine, ECF No. 160, is **GRANTED**.

Defendant also moves to exclude any evidence concerning the financial status of the parties. ECF No. 161. Plaintiffs consent to this motion in limine. ECF No. 164. Defendant's motion in limine, ECF No. 161, is **GRANTED**.

Defendant then moves to exclude testimony by Plaintiffs and/or their witnesses as to the location of the pipe which broke and caused the leak, arguing, inter alia, that Plaintiffs' failure to take pictures of the broken pipe constitutes spoliation of key evidence warranting exclusion. Plaintiffs respond that this spoliation allegation fails. ECF No. 166. The Court agrees with Plaintiffs. Defendant's motion in limine, ECF No. 162, is **DENIED**.

2

## IV. DEFENDANT'S REASSERTED MOTION FOR PROTECTIVE ORDER

Lastly, Defendant reasserts a prior motion for protective order relating to the potential testimony of Ceil Foster. Foster is a clerical employee of Defendant who Plaintiffs sought to depose earlier in this litigation. At that time, Defendant filed a motion to quash notice of deposition, or, in the alternative, motion for protective order, arguing that because Foster was a clerical employee with no knowledge of the matter, any testimony from her would be irrelevant, plus Plaintiffs failed to establish the relevancy of her testimony. ECF No. 25-1. Defendant also asked for such relief as a sanction based on Plaintiffs' failure to timely disclose Foster as a witness in their initial disclosures or in any written discovery responses. *Id.* Plaintiffs then withdrew the deposition notice of Foster, ECF No. 29, but Plaintiffs have now identified her as a possible witness, so Defendant reasserts its previous motion for protective order. ECF No. 159 at 2. This is not the first instance of Plaintiffs' failure to disclose a witness in this case. *See* ECF No. 157 at 5-7. For that reason, Defendant's motion is ***GRANTED***.

## V. PLAINTIFFS' OMNIBUS MOTION IN LIMINE

Plaintiffs also filed an Omnibus Motion in Limine making several requests. ECF No. 163. For the reasons set forth below, that motion, ECF No. 163, is ***GRANTED IN PART AND DENIED IN PART***.

First, Plaintiffs move to exclude mention that their counsel represents SerClean and Mock Construction in other cases in Chatham and Bryan Counties. The Court agrees that this information is irrelevant to the case at bar, and therefore, this request is ***GRANTED***. Plaintiffs next move to exclude mention that Volpe invoiced SerClean for $312, and SerClean then invoiced State Farm $1,500 for this work. Since State Farm determined that $1,500 was reasonable and common for such work, Plaintiffs argue that introduction of Volpe's invoice for a significantly lesser amount will confuse the jury and unduly prejudice Plaintiffs. However, such evidence is relevant in this case since Defendant contends that the total amount charged by SerClean and Mock Construction, and sought by Plaintiffs, was simply too high for the amount of work needed. Therefore, this request is ***DENIED***. As discussed, *supra*, Plaintiffs also move to exclude Volpe's criminal convictions. But those convictions are admissible, and this request is ***DENIED***. Plaintiffs next move to exclude the opinions of Defendant's expert Elizabeth Witten, arguing that they are too remote in time and irrelevant. This is a futile re-packaging of earlier arguments to exclude expert testimony that the Court has already dealt with, and as such, this request is ***DENIED***. Plaintiffs also seek to exclude evidence of the roughly $90,000 that Defendant has already paid on this claim, arguing that it would confuse the jury and unduly prejudice Plaintiffs. The Court disagrees, and therefore, this request is ***DENIED***. Lastly, Plaintiffs move to exclude Defendant's arguments based on contract interpretation. This request is meritless and, therefore, ***DENIED***.

## VI. CONCLUSION

Accordingly, Defendant's Motion to Amend Pretrial Order, ECF No. 159, is ***GRANTED IN PART AND DENIED IN PART***. Defendant's Motion in Limine, ECF

3

No. 160, is **GRANTED**. Defendant's Motion in Limine, ECF No. 161, is **GRANTED**. Defendant's Motion in Limine, ECF No. 162, is **DENIED**. Defendant's reasserted Motion for Protective Order relating to the potential testimony by Ceil Foster, *see* ECF Nos. 25; 159 at 2, is **GRANTED**. Plaintiffs' Omnibus Motion in Limine, ECF No. 163, is **GRANTED IN PART AND DENIED IN PART**.

This 11 day of March, 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA